

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00276-CV

RUSSELL H. SITTON, JR.,
INDIVIDUALLY AND AS
REPRESENTATIVE OF THE
ESTATE OF RUSSELL H. SITTON,
SR., DECEASED

APPELLANT

V.

AZLE MANOR HEALTH CARE &
REHABILITATION, L.L.L.P. D/B/A
AZLE MANOR HEALTH CARE &
REHABILITATION

APPELLEE

----------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 141-268081-13

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

Appellant Russell H. Sitton, Jr., individually and on behalf of the estate of Russell H. Sitton, Sr., attempts to appeal from the trial court's order granting summary judgment in favor of Appellee Azle Manor Health Care & Rehabilitation, L.L.L.P. d/b/a Azle Manor Health Care & Rehabilitation.  Other defendants remain in the case pending in the trial court.  Accordingly, on September 3, 2014, this court notified Appellant of our concern that we lack jurisdiction over this appeal because the order does not appear to be final or an appealable interlocutory order.  We informed Appellant that the appeal would be subject to dismissal unless Appellant or any party filed a response showing grounds for continuing the appeal.  We have received no response.

Accordingly, because an interlocutory summary judgment is not appealable, and the trial court has not yet disposed of the remaining parties, we dismiss this appeal for want of jurisdiction.[2]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  October 16, 2014

---

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2014) (listing types of appealable interlocutory orders); *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (stating that generally an appeal may be taken only from a final judgment and that a judgment is final and appealable if it disposes of all parties and all issues); *see also* Tex. R. App. P. 42.3(a), 43.2(f).